IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02743-BNB

KIILLIU FORD, also known as
KILLIU FORD,

    Plaintiff,

v.

TODD WILCOX, individually and in his official capacity of the Federal Bureau of
    Investigations,
COLEAN COVELL, individually and in her official capacity [as] United States
    Assistant Attorney, and
SUNEETA HAZRA, individually and in her offical [sic] capacity [as] United States
    Assistant Attorney,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Kiilliu Ford, also known as Killiu Ford, currently is incarcerated at the Denver County Jail. On October 15, 2012, Mr. Ford, acting *pro se*, filed a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as well as various statutory authority, asking for money damages and injunctive relief.

Mr. Ford has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*,

490 U.S. 319, 324 (1989). In order to succeed in a *Bivens* action, Mr. Ford must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

The Court must construe Mr. Ford's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint and the action will be dismissed.

Mr. Ford was convicted in this Court in *United States v. Morgan*, No. 11-cr-00303-REB-2 (D. Colo. Nov. 5, 2012), on charges of kidnapping, conspiracy to kidnap, and possession of a firearm during a crime of violence. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

On October 22, 2012, this Court sentenced Mr. Ford to 600 months of imprisonment in the custody of the United States Bureau of Prisons and five years of supervised release. ECF No. 261 in No. 11-cr-00303-REB-2. On October 29, 2012, judgment was entered on the docket. ECF No. 263 in No. 11-cr-00303-REB-2. On November 5, 2012, an amended judgment to correct a clerical mistake was entered on the docket. ECF No. 265 in No. 11-cr-00303-REB-2. On November 5, 2012, Mr. Ford appealed, through counsel, from the amended judgment to the United States Court of

Appeals for the Tenth Circuit (Tenth Circuit). *United States v. Ford*, 12-1442 (10th Cir. 2012); *see also* ECF No. 266 in No. 11-cr-00303-REB-2. On December 4, 2012, the Tenth Circuit appointed new counsel, effective *nunc pro tunc* to the date the notice of appeal was filed. ECF No. 281 in No. 11-cr-00303-REB-2. That appeal currently is pending before the Tenth Circuit.

While his direct appeal is pending, Mr. Ford initiated the instant action against a special agent with the Federal Bureau of Investigations and two United States assistant attorneys, alleging Fourteenth Amendment due process violations for their roles in prosecuting him on criminal charges, resulting in his conviction in No. 11-cr-00303-REB.

Because Mr. Ford is challenging the basis for and validity of his criminal conviction and sentence, the complaint must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. Further, the United States Court of Appeals for the Tenth Circuit has held that *Heck*, which was litigated pursuant to 42 U.S.C. § 1983, applies to *Bivens* actions. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). Mr. Ford does not allege that he has invalidated his conviction through a writ of habeas corpus, and as previously stated has a direct appeal pending from his conviction and sentence.

Although Mr. Ford also seeks injunctive relief, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the

invalidity of [the] conviction." See *Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).  See *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Ford's allegations, his request for injunctive relief necessarily implies the invalidity of his conviction.  See *Lawson*, 67 Fed. App'x at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983").  Success on Mr. Ford's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration.  Therefore, his claims for injunctive relief cannot be pursued under *Bivens*.  Rather, they must be pursued as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, see *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after resolution of his direct appeal.  As stated earlier, Mr. Ford does not allege, and nothing in the Court file indicates, he has invalidated his conviction through a writ of habeas corpus.

Because Mr. Ford is challenging the basis for and validity of his federal criminal conviction, the instant action will be dismissed pursuant to *Heck*.  The dismissal will be without prejudice.  See *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).  However, a *Heck* dismissal counts as a strike under § 1915(g).  See *Hafed v. Federal*

*Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

The Court also notes that Mr. Ford's complaint suffers from other deficiencies. To the extent he is suing improper parties for damages, the claims will be dismissed with prejudice. *See Carbajal v. Holman*, No. 12-1152, 2012 WL 4354689, *1 (10th Cir. Sept. 25, 2012) (unpublished).

Mr. Ford is suing Defendants because of their involvement in his criminal proceedings. He may not sue the individual prosecutors in this *Bivens* action. Defendant United States assistant attorneys, Colean Covell and Suneeta Hazra, are entitled to absolute immunity. This is because state and federal prosecutors are entitled to absolute immunity in § 1983 and *Bivens*-type suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978)  Mr. Ford's allegations against these Defendants involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, the claims against Defendants, Covell and Hazra, are legally frivolous based on absolute immunity or seek relief against Defendants immune from such relief.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Ford files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the claims for monetary damages against improper parties are dismissed with prejudice because these claims either are legally frivolous or are seeking relief from Defendants entitled to immunity. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  15th  day of   February  , 2013.

BY THE COURT:

  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court